[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REOPEN (NO. 121)
The issue for this court to decide is whether it has jurisdiction to reopen a judgment which was entered November 21, 1991 (Karazin, J.).
The defendant's motion to reopen judgment was filed on June 14, 1994, approximately thirty months after the original judgment was entered. General Statutes § 52-212a provides in pertinent part as follows:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment. . .rendered in the superior court may not be opened. . .unless a motion to open. . .is filed within four months following the date on which it was rendered or passed. [Emphasis added.]
The same four month period to reopen a judgment is found in § 326 of the Practice Book. The court does not have jurisdiction to entertain this motion to reopen or set aside a judgment which was not filed within the four month period unless obtained by fraud or mutual mistake. CT Page 9987
The defendant alleges that he failed to understand the $650 per month alimony provision that was non-modifiable for two and one half years. The judgment states as follows:
 "1. That the husband shall pay to the wife the sum of $650 per week as alimony beginning Monday, November 23, 1991, which sum shall be non-modifiable for two and one-half years."
It was clear to both parties that the alimony award was non-modifiable until May 23, 1994. The defendant testified he believed alimony would be terminated on May 23, 1994, two and one-half years after the judgment was entered. Yet, on May 19, 1994, acting pro se, the defendant filed a motion to modify the $650 alimony award alleging a substantial change in his financial circumstances and requesting a decrease in his alimony payments.
The court canvassed both parties on November 21, 1991, explaining the agreement at length. They both said they understood all the terms of the agreement at that time. At the hearing on this motion, the plaintiff testified that she understood the alimony award would be modifiable after May 23, 1994 and denied the allegations of mutual mistake. In addition, the defendant's motion to modify dated May 19, 1994 is further proof that he understood that the alimony terms were modifiable.
The record reveals this marriage endured for over twenty-one years, and after reviewing the transcript of the canvass conducted on November 21, 1991 by Judge Karazin, the court finds that both parties stated on the record that they understood the terms of the alimony award. The defendant has failed to prove the allegations of mutual mistake or his misunderstanding of the alimony award.
The court finds that the alimony award was modifiable after May 23, 1994. The defendant seeks to retry this matter some thirty months after stating he understood and accepted the terms of the alimony award and after judgment was entered by Judge Karazin. Therefore, the defendant's motion to reopen the judgment of November 21, 1991 is dismissed.
ROMEO G. PETRONI, JUDGE CT Page 9988